NOT DESIGNATED FOR PUBLICATION

No. 129,866

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SIMAJE DIAMOND DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before COBLE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Simaje Diamond Davis appeals the district court's revocation of her probation. We granted her motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48), which the State did not contest. Finding no abuse of discretion, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Davis pleaded guilty to one count of aggravated arson, a level 6 person felony, and one count of aggravated battery, a level 7 person felony, arising out of an incident that

1

occurred in October 2024. The district court sentenced Davis to 30 months of imprisonment but suspended the sentence in favor of 36 months of probation.

Approximately two months after sentencing, the State filed a warrant alleging that Davis violated the terms and conditions of her probation by committing the new crimes of aggravated assault, battery on a law enforcement officer, criminal trespass, interference with law enforcement, and interference with parental custody.

At the resulting probation violation hearing, Davis waived her right to an evidentiary hearing and stipulated to the new crime allegations. The State and Davis' probation officer asked the court to revoke probation and impose the underlying prison sentence. The State also declared its understanding that Davis would request probation revocation in exchange for the dismissal of the new charges. Defense counsel then asked the district court to follow the State's recommendation, revoke probation, and institute the 30-month prison sentence. Davis then offered her agreement with the recommendation:

"THE COURT: Ms. Davis, anything you want to say?
"[DAVIS]: Yes. I'd like to apologize to the prosecutor, my [probation officer], and say I'm sorry for my crimes and my danger to the community, and I would like to say I want to go to prison and work on myself and get better and make a better person of myself."

After receiving Davis' stipulation to the new allegations, along with all parties' requests to revoke probation and enact the underlying prison term, the district court found that Davis committed new crimes under K.S.A. 22-3716(c)(7) and imposed the underlying 30-month prison sentence.

Davis timely appealed the district court's ruling.

ANALYSIS

Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Review of the district court's application of a sanction for a probation violation is based on an abuse of discretion standard. 315 Kan. at 328. A court abuses its discretion if the judicial decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. 315 Kan. at 328.

K.S.A. 22-3716 provides the statutory framework for sanctions when a probation violation is established. Under K.S.A. 22-3716(c)(1)(A)-(B), available sanctions include potential modification of probation, assignment to a community corrections program, and a short-term jail sentence. K.S.A. 22-3716(c)(1)(C) requires the district court to apply these graduated sanctions before the original sentence may be imposed. However, the district court may bypass this requirement and "may revoke the probation . . . without having previously imposed a sanction pursuant to subsection (c)(1) if: . . . the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 22-3716(c)(7)(C). Therefore, the district court was within its legal authority when revoking Davis' probation since she admitted to the allegations that she committed new crimes.

Davis argues that the district court's revocation of her probation and imposition of the underlying prison sentence was error because other sanctions were available, such as continued probation and intermediate sanctions. The State asserts that Davis' argument is barred by the invited error doctrine due to her request that her probation be revoked. Even so, the State argues that the district court did not abuse its discretion in revoking Davis' probation.

3

Invited error precludes a party from asking the district court to rule in a given way and then complaining of that error on appeal. *State v. Slusser*, 317 Kan. 174, 179, 527 P.3d 565 (2023). This court has applied the invited error doctrine to preclude arguments that probation revocation was improper when the defendant requested probation revocation in the district court. *State v. Sanders*, No. 119,977, 2019 WL 4126487, at *4 (Kan. App. 2019) (unpublished opinion) ("If the district court erred . . . this error was clearly invited by [the defendant] in order to obtain the benefits of the bargain she negotiated with the State."); see also *State v. Welch*, No. 121,559, 2020 WL 961646, at *2 (Kan. App. 2020) (unpublished opinion) ("'A party may not invite error and then complain of that error on appeal.'"). In light of Davis' request for the district court to revoke probation and impose the underlying prison term, the invited error doctrine precludes her argument that the district court erred.

Even if she had not invited the district court's revocation decision, that decision was not an abuse of discretion, even though other dispositional options may have been available. The district court accepted Davis' stipulation at the probation violation hearing that the allegations of her commission of multiple new crimes, including violent crimes, were true. The district court rested its revocation order on the finding that Davis committed those new crimes along with the "consensus request" by the parties that the underlying prison sentence be imposed.

The district court's decision aligned with what Davis asked the district court to do and, therefore, the invited error doctrine precludes her argument that probation revocation and imposition of the prison term was error. Even so, Davis alleges no error of fact, we have found no error of law, and the court's decision was not unreasonable given the circumstances and the parties' agreement on the outcome. The district court did not abuse its discretion.

Affirmed.